## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

MITCHELL WALL,

                Plaintiff

      v.

BRIAN BUSHMAN, DR.,
J. POTOPE, A.H.A.,
NEYLON, COUNSELOR,
and Other Unknown Defendants,
et al.,

                Defendants

CIVIL ACTION NO. 3:12-CV-2112

(KOSIK, J.)
(MEHALCHICK, M.J.)

### REPORT AND RECOMMENDATION

       Plaintiff Mitchell Wall is an inmate currently incarcerated at Allenwood United States Penitentiary in White Deer, Pennsylvania, and is proceeding *pro se*. On October 23, 2012, Plaintiff filed this action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] Plaintiff alleges that Defendants Dr. Brian Buschman,[2] J. Potope, Assistant Health Services Administrator, and Neylon, Unit Counselor, were deliberately indifferent to his medical needs. Pending before this Court is Defendants' Motion

---

[1] Although Plaintiff does not allege on what grounds he brings this current action, the Court will interpret this Complaint as a *Bivens* action, recognizing a private cause of action to recover damages against federal actors for constitutional violations. *See Bivens*, 403 U.S. at 389. A *Bivens* action is a judicially created remedy allowing individuals to seek damages for unconstitutional conduct by federal officials. It is the federal counterpart to 42 U.S.C. § 1983 claims brought against state officials. *Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004).

[2] Plaintiff in his complaint spells the name "Bushman" but we will use the correct spelling "Buschman."

to Dismiss and for Summary Judgment. (Doc. 20). Having been fully briefed, this Motion is ripe for disposition.

I.   **BACKGROUND AND PROCEDURAL HISTORY**

On August 2, 2011, Plaintiff fractured his back. (Doc. 1, Compl. ¶ 11). He was placed in a handicap cell in segregation for two days, and then taken for x-rays and tests. He then met with a neurosurgeon who recommended continued treatment with a lumbosacral corset for three months, which Plaintiff states he never received. (Doc. 1, Compl. ¶¶ 12-13). Plaintiff was issued a lower bunk permit through October 5, 2011, prescribed medication for the night, provided a wheelchair, switched to a handicapped cell in the Special Housing Unit, and instructed to keep weight bearing to a minimum for the next 24 hours. (Doc. 28, ¶¶ 11-12).

In November and December of 2011, Plaintiff alleges he asked Defendants Neylon, Potope, and Buschman for a lower bunk and was denied each time. (Doc. 1, Compl. ¶¶ 16-20). On January 31, 2012, Plaintiff had a follow-up examination with the neurosurgeon. The surgeon wrote a slip for a lower bunk. (Doc. 1, Compl. ¶ 22; Doc. 1 at 52). According to Plaintiff, a prison officer immediately handed the recommendation to Buschman, (Doc. 1, Compl. ¶ 23), and Buschman rejected Plaintiff's request for a lower bunk. A few days later, Plaintiff asked Defendant Potope for a lower bunk and told him the surgeon recommended a lower bunk. Potope told Plaintiff he did not qualify for a lower bunk. (Doc. 1, Compl. ¶ 24).

According to Defendants, Buschman was not aware of the neurosurgeon's lower bunk recommendation until February 15, 2012. The surgeon hand wrote the recommendation for the lower bunk on a slip, and typed up an assessment. The typed up assessment did not include the request for the lower bunk. (Doc. 29, Br. in Supp. at 7). The lower bunk recommendation was

not entered into the system until February 15, 2012, when the report was reviewed by Plaintiff's Physician Assistant. (Doc. 1, p. 52). According to Defendants, following any type of consultation, a note is placed in the mailbox of the physician assistant of the inmate. (Doc. 29, Br. in Supp. at 7-8). The computer records indicate that a bottom bunk assignment was made on February 15, 2012. (Doc. 29, Br. in Supp. at 8). Plaintiff was issued a Medical Duty Status slip for a lower bunk on February 17, 2013. (Doc. 29, Br. in Supp. at 9).

On February 16, 2012, Plaintiff states that he fell and injured his back while climbing down from his upper bunk assignment. (Doc. 1, Compl. ¶ 25). Plaintiff was transported to a local hospital for six days following the incident and had surgery on his lower back. (Doc. 1, Compl. ¶ 26). When he returned to USP Allenwood, Plaintiff was issued a lower bunk pass. (Compl. ¶ 28-33). Plaintiff received a lower bunk from February 21, 2012, when he returned to the facility after his back surgery, until September 6, 2012. On September 6, 2012, Plaintiff requested a bottom bunk assignment from Defendant Buschman and was told by Defendant Buschman that he did not qualify for a lower bunk. (Doc. 1, Compl. ¶ 39).

On October 23, 2012, Plaintiff filed this *Bivens* action. (Doc. 1). On March 4, 2013, Defendants filed a Motion to Dismiss and for Summary Judgment. (Doc. 20). On April 17, 2013, Defendants filed their Brief in Support of their Motion (Doc. 29), and a Statement of Facts (Doc. 28). On June 19, 2013, Plaintiff filed his Brief in Opposition (Doc. 35) and an accompanying Statement of Facts (Doc. 36) and Affidavit (Doc. 37). On July 12, 2013, Defendants filed a Reply Brief. (Doc. 41). On July 29, 2013, without leave of Court, Plaintiff filed a Response to Defendants' Reply Brief. (Doc. 43).

II.   **DISCUSSION**

   A.   BIVENS STANDARD

   Plaintiff's instant case is a 28 U.S.C. § 1331 civil rights action under *Bivens*. In *Naranjo v. Martinez,* No. 08-1755, 2009 WL 4268598, at *6 (M.D. Pa Nov. 24, 2009), the Court stated:

> *Bivens* creates no substantive rights, but rather allows "a citizen suffering a compensable injury to a constitutionally protected interest [to] invoke the general federal-question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou,* 438 U.S. 478, 504, 98 S. Ct. 2894, 57 L. Ed. 2d 895 (1978). A civil rights claim brought under Bivens is the federal counterpart to an action brought under 42 U.S.C. § 1983, and the same legal principles governing a § 1983 claim apply to a *Bivens* claim. *Brown v. Philip Morris Inc.,* 250 F.3d 789, 800 (3d Cir. 2001); *Paton v. LaPrade,* 524 F.2d 862, 871 (3d Cir. 1975); *Cyrus v. Hogsten,* No. 06–2265, 2007 WL 88745, at *3 (M.D. Pa. Jan.9, 2007). To state a claim under *Bivens,* the plaintiff must show that the defendant, acting under color of Federal law, deprived him of a right secured by the Constitution or laws of the United States. *Brown,* 250 F.3d at 800; *Cyrus,* 2007 WL 88745, at *3.
>
> Civil rights claims may only be brought against "persons." 42 U.S.C. § 1983. Individual liability in a civil rights action is personal in nature, and a defendant is liable only if he was personally, affirmatively involved in the alleged malfeasance. *C.N. v. Ridgewood Bd. of Educ.,* 430 F.3d 159, 173 (3d Cir. 2005); *Robinson v. City of Pittsburgh,* 120 F.3d 1286, 1294 (3d Cir. 1997), abrogated in part on other grounds by *Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006) (citing *Rhode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988). Further, "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1948, 173 L.Ed.2d 868 (2009) (collecting cases).

Further, a *Bivens* action is analogous to a civil rights action under 42 U.S.C. § 1983. *Naranjo v. Martinez,* No. 08-1755, 2009 WL 4268598, at *6. *See also Beattie v. Dept. of Corrections SCI Mahanoy,* No. 08-0622, 2009 WL 533051, *3 (M.D. Pa. Mar. 3, 2009) ("a prerequisite for a viable civil rights claim is that a defendant directed, or knew of and acquiesced in, the

deprivation of a plaintiff's constitutional rights") (citation omitted); *Dennis v. Jensen*, 10-1486, 2013 WL 2245144 (M.D. Pa. May 20, 2013).

  B. U<small>NDER</small> M<small>OTION TO</small> D<small>ISMISS</small> S<small>TANDARD</small>

   1. **Rule 12(b)(6)**

  Defendants have filed a motion to dismiss Plaintiff's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), continuing with our opinion in *Phillips [v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1955, 173 L. Ed. 2d 868 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209-10 (3d Cir. 2009).

  In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not assume that a plaintiff can prove facts that the plaintiff has

not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S. Ct. 897, 74 L. Ed. 2d 723 (1983). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly, 550 U.S. at 555*. In keeping with the principles of *Twombly*, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Rather, in conducting a review of the adequacy of a complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 679.

Thus, following *Twombly* and *Iqbal* a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient

to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United

States Court of Appeals for the Third Circuit has stated:

> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim,
> district courts should conduct a two-part analysis. First, the factual and legal
> elements of a claim should be separated. The District Court must accept all of
> the complaint's well-pleaded facts as true, but may disregard any legal
> conclusions. Second, a District Court must then determine whether the facts
> alleged in the complaint are sufficient to show that the plaintiff has a "plausible
> claim for relief." In other words, a complaint must do more than allege the
> plaintiff's entitlement to relief. A complaint has to "show" such an entitlement
> with its facts.

*Fowler*, 578 F.3d at 210-11.

These heightened pleading standards apply to all aspects of the Court's threshold analysis of a

complaint's legal sufficiency. *Hakeem v. Fisher*, 2010 WL 5463325, at \*5 (M.D. Pa. Dec. 1,

2010) *report and recommendation adopted*, 2010 WL 5463134 (M.D. Pa. Dec. 29, 2010).

### 2. Rule 12(b)(1)

A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the

court's subject matter jurisdiction. *Gould Electronics Inc. v. United States*, 220 F. 3d 169, 176 (3d

Cir. 2000). In a factual attack under Rule 12(b)(1), the court may consider and weigh evidence

outside the pleadings to determine if it has jurisdiction. *Gould Electronics Inc.*, 220 F.3d at 178.

This 12(b)(1) factual evaluation may occur at any stage of the proceedings, from the time the

answer has been served until after the trial has been completed. *Mortensen v. First Fed. Sav. &

Loan Ass'n*, 549 F.2d 884, 891-92 (3d Cir. 1977). "When a motion under Rule 12 is based on

more than one ground, the court should consider the 12(b)(1) challenge first because if it must

dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections

become moot." *In re Corestates Trust Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993), *aff'd* 39 F.3d 61 (3d Cir. 1994).

C. SUMMARY JUDGMENT STANDARD

To prevail on a motion for summary judgment, the moving party must show that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2). Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Anderson*, 477 U.S. at 248. An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Childers v. Joseph*, 842 F.2d 689, 693-94 (3d Cir. 1988).

A federal court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See* Fed. R. Civ. P. 56(c); *Farrell v. Planters Lifesavers Co.,* 206 F.3d 271, 278 (3d Cir. 2000) (citing *Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994)). In making this determination, "a court must view the facts in the light most favorable to the nonmoving party

- 8 -

and draw all inferences in that party's favor." *Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994). The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990). In deciding a motion for summary judgment, the court's function is not to make credibility determinations, weigh evidence, or draw inferences from the facts. *Anderson*, 477 U.S. at 249. Rather, the court must simply "determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

D. CLAIMS AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITIES.

Plaintiff alleges claims against Defendants in both their individual and official capacities. The Eleventh Amendment applies to claims asserted in federal court under a *Bivens* action. *F.D.I.C. v. Meyer*, 510 U.S. 471 (1994). It prohibits suits brought in federal court against a state or where the state or its agency is the real party in interest, and in which the relief sought has an impact directly on the state itself. Pennhurst State Schools and Hospital v. Halderman, 465 U.S. 89 (1984); Allegheny County Sanitary Authority v. United States Environmental Protection Agency, 732 F.2d 1167 (3d Cir. 1984). To the extent that the plaintiff seeks monetary damages, the defendants are immune under the Eleventh Amendment in their official capacities. *See* Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989); Howlett v. Rose, 496 U.S. 356, 365 (1990).

Accordingly, Plaintiff's claims against Defendants, as named in their official capacities seeking monetary relief, are barred by the Eleventh Amendment and subject to dismissal. Because this Court lacks subject matter jurisdiction over Plaintiff's claims against Defendants in

their official capacities under the Eleventh Amendment, the Court recommends that these claims be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

### E. PLAINTIFF'S EIGHTH AMENDMENT MEDICAL CARE CLAIM.

Plaintiff alleges that the denial of a lower bunk medical slip constituted deliberate indifference in violation of the Eighth Amendment. The Eighth Amendment prohibits "unnecessary and wanton infliction of pain," which includes "deliberate indifference to serious medical needs of prisoners." *Dennis v. Jensen*, No. 10-1486, 2013 WL 2245144, at *3 (M.D. Pa. May 20, 2013) (quoting *Estelle v. Gamble,* 429 U.S. 97, 103–04, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)). Such a claim requires that a plaintiff allege "(i) a serious medical need, **and** (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v. Camden Cnty. Corr. Facility,* 318 F.3d 575, 582 (3d Cir. 2003) (emphasis added). "Mere medical malpractice, negligence, and courses of treatment inconsistent with the desires of the prisoner … do not constitute deliberate indifference to serious medical needs." *Lopez v. Corr. Med. Servs., Inc.,* 499 Fed. Appx. 142, 146 (3d Cir. 2012) (citing *Spruill v. Gillis,* 372 F.3d 218, 235 (3d Cir. 2004)). Instead, it must be shown that an official knowingly disregarded an excessive medical risk: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). "Deliberate indifference may be manifested by an intentional refusal to provide medical care, delayed medical treatment for non-medical reasons, a denial of prescribed medical treatment, or a denial of reasonable requests for treatment that results in suffering or risk of injury." *Beckett v. Department of Corr.,* No. 10-0050, 2011 WL 4830787, at * 11 (M.D. Pa. Oct. 12, 2011).

1.  Serious Medical Need

Plaintiff alleges his back condition required significant and continuous medication and caused him excruciating pain. Additionally, Plaintiff claims to have fallen twice (first on August 2, 2011, and again on February 16, 2012) exposing himself to further back injury. "The extreme pain and real possibility of permanent injury could qualify [Plaintiff's] condition as a serious medical need." *Spruill,* 372 F.3d at 236. Viewing the evidence in the record in the light most favorable to the Plaintiff, there is a question of material fact as to whether Plaintiff's back condition constitutes a serious medical need.

2.  Deliberate Indifference

As stated above, to establish an Eighth Amendment claim, Plaintiff must show both a serious medical condition and that Defendants were deliberately indifferent to that condition. The Third Circuit has found deliberate indifference in situations where there was "objective evidence that [a] plaintiff had serious need for medical care," and prison officials ignored that evidence. *Nicini,* 212 F.3d 798, 815 n.14 (3d Cir. 2000). The court has also found deliberate indifference in situations where "necessary medical treatment is delayed for non-medical reasons." *Monmouth County Corr. Inst. Inmates v. Lanzaro,* 834 F.2d 326, 346 (3d Cir. 1987) (citing *Ancata v. Prison Health Servs.,* 769 F.2d 700, 704 (11th Cir. 1985)).

Plaintiff states that denial of the lower bunk medical slip constitutes deliberate indifference in violation of Plaintiff's Eighth Amendment rights. (Doc. 1, Compl. ¶¶ 43-52), and that Defendants Neylon, Potope and Buschman were deliberately indifferent to Plaintiff's serious medical needs. In *Durmer v. O'Carroll,* 991 F.2d 64 (3d Cir. 1993), the Third Circuit concluded that the prison warden and the State Commissioner for Corrections were not

deliberately indifferent under the Eighth Amendment "simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." *Durmer*, 991 F.2d at 69. "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Spruill*, 372 F.3d at 236.

Plaintiff alleges that Defendant Neylon failed to inquire into facts necessary to allow him a lower bunk and that he knew Plaintiff was in severe pain. (Doc. 1, Compl. ¶ 47). Plaintiff also alleges that Defendant Potope had authority to provide him with a lower bunk, and failed to do so. (Doc. 1, Compl. ¶ 48). Defendants argue that Defendants Potope and Neylon did not have the authority and/or responsibility to issue new bottom bunk passes as that authority rests with medical professionals; Defendants do not have any authority for making medical decisions regarding any inmate's health care.  (Doc. 29, Br. in Supp. at 17-18).

As an Assistant Health Services Administrator, Defendant Potope's job duties are administrative in nature and do not include making clinical decisions regarding any aspect of an inmate's health care. (Doc. 29 at 11; Doc. 28, Def.'s Statement of Facts, ¶¶ 130-131). As a Unit Counselor, Defendant Neylon's job duties do not include making any medical decisions, including who qualifies for a medical bottom bunk assignment. (Doc. 29 at 12; Doc. 28, Def.'s Statement of Facts, ¶¶ 141-144). Thus, summary judgment in favor of Defendants Neylon and Potope is appropriate because Plaintiff was under the medical care of a physician at the time he alleges claims against Defendants Neylon and Potope and they lack the requisite personal involvement in the issuance of medical passes for a lower bunk. As non-medical personnel,

neither Defendant Neylon nor Potope can be considered to be deliberately indifferent for failing to issue a bunk pass when Plaintiff was already receiving medical treatment. *See Spruill*, 372 F.3d at 236. As such, it is recommended that summary judgment be entered in favor of Defendants Neylon and Potope pursuant to Fed. R. Civ. P. 56.

Plaintiff also alleges that Defendant Buschman was deliberately indifferent to his medical needs. Plaintiff submits he informed Defendant Buschman at various times that he was suffering severe back pain and requested a lower bunk. Additionally, Plaintiff alleges that on January 31, 2012, the neurosurgeon recommended Plaintiff be assigned a lower bunk and that Plaintiff spoke with Defendant Buschman about this recommendation immediately following his medical examination with the neurosurgeon. Defendant Buschman argues that "there is nothing in Wall's electronic medical record indicating that Dr. Buschman had an encounter with Wall during December 2011 or on January 31, 2012, regarding a lower bunk assignment." (Doc. 29 at 7; Doc. 28 ¶ 122).

Whether Defendant Buschman knew and disregarded the neurosurgeon's recommendation on January 31, 2012 raises a genuine issue of material fact. If Defendant Buschman were aware that Plaintiff was prescribed a lower bunk by the neurosurgeon and chose to disregard this information, Defendant's actions could constitute deliberate indifference. As such, it is recommended that the Court deny Defendants' motion as to Defendant Buschman, as there exists a genuine issue of material fact pursuant to the summary judgment standard of Fed. R. Civ. P. 56.

F.  QUALIFIED IMMUNITY

Under doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987); *see also Acierno v. Cloutier,* 40 F.3d 597, 616 (3d Cir. 1994). In determining whether defendants are entitled to claim qualified immunity, the court should engage in a three-part inquiry: (1) whether plaintiff alleged a violation of his constitutional rights; (2) whether the right alleged to have been violated was clearly established in the existing law at the time of the violation; and (3) whether a reasonable official knew or should have known that the alleged action violated the plaintiff's rights. *Rouse v. Plantier*, 182 F.3d 192, 196-97 (3d Cir. 1999).

As noted above, there is a genuine issue of material fact as to whether Defendant Buschman was deliberately indifferent to Plaintiff's medical needs. Further, during the time period underlying the allegations in the Complaint, the contours of Eighth Amendment case law relating to deliberate indifference to a serious medical need were sufficiently clear at the time of the events in question that a reasonable person in the position of Defendant Buschman would have understood that his conduct violated the Eighth Amendment. Thus, if Defendant Buschman knew of the neurosurgeon's recommendation for a lower bunk as early as January 31, 2012, and deliberately ignored the recommendation, a reasonable person in the position of

Defendant would have understood that deliberately ignoring the neurosurgeon's recommendation would violate the Eighth Amendment. Thus, at this juncture in the case, qualified immunity is not warranted.

III.   RECOMMENDATION

Based on the foregoing, it is recommended that the Court grant in part and deny in part Defendants' Motion to Dismiss and for Summary Judgment. (Doc. 20). Specifically, it is recommended:

1. That the Court **GRANT** Defendants' Motion to Dismiss all Defendants in their official capacities, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(1);

2. That the Court **GRANT** Defendants' Motion to Dismiss Defendants Neylon and Potope, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6); and

3. That the Court **DENY** Defendants' Motion for Summary Judgment as to Defendant Buschman pursuant to Fed. R. Civ. P. 56.

**BY THE COURT:**

Dated: November 7, 2013                          s/ Karoline Mehalchick
                                                 **KAROLINE MEHALCHICK**
                                                 **United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

MITCHELL WALL,

           Plaintiff                           CIVIL ACTION NO. 3:12-CV-2112

     v.                                            (KOSIK, J.)

BRIAN BUSHMAN, DR.,  et al.,              (MEHALCHICK, M.J.)

           Defendants

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **November 7, 2013**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: November 7, 2013

                                       *s/ Karoline Mehalchick*
                                       **KAROLINE MEHALCHICK**
                                       **United States Magistrate Judge**